UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAROLYN WENDY HERZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00854-TWP-TAB |
| ) | |
| MARC ROTHBERG, ) | |
| EVAN GOODMAN, ) | |
| DAVID F. HAMILTON, ) | |
| PAUL KRAFT, ) | |
| INDIANAPOLIS HEBREW CONGREGATION, ) | |
| INC., ) | |
| KRISTINE WILEN, ) | |
| PATRICK SULLIVAN, ) | |
| LESLIE PAGE, ) | |
| MONROE COUNTY CLERK, ) | |
| MARION COUNTY CLERK, ) | |
| CLERK OF THE INDIANA APPELLATE ) | |
| COURTS, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AND DISMISSING ACTION
AND DIRECTING FINAL JUDGMENT**

This action was removed from the Marion Superior Court on June 29, 2021, where it had been filed under Cause No. 49D01-2405-MI-020222 on May 22, 2024. *See* Filing No. 1 (citing 28 U.S.C. §§ 1442(a) (civil actions brought against the United States, its officers, or agencies may be removed to the United States District Court)). The Court now screens the Complaint and dismisses the action for the reasons set forth below.

**I. SCREENING STANDARD**

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir.1999). *See also* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have

been paid, the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## II.  MS. HERZ'S BACKGROUND

Plaintiff Carolyn Wendy Herz is the same person as Carolyn H. Srivastava, a restricted filer in this Circuit and in this Court. The Seventh Circuit's order specifies:

> [T]he clerks of all federal courts in this circuit shall return unfiled any papers submitted either directly or indirectly by or on behalf of Carolyn H. Srivastava unless and until she pays in full the sanction that has been imposed against her. *See In re: City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack*, 45 F.3d at 186-87. This order will be lifted immediately once Srivastava makes full payment. *See City of Chi.*, 500 F.3d at 585-86.

*Srivastava v. Zoeller*, No. 11-2817 (7th Cir. Aug. 30, 2011) (imposing filing restrictions on Ms. Herz pending payment of $1500 fine). This Court has also sanctioned Ms. Herz, preventing her

from filing. An amended injunction was issued in Cause No. 1:04-mc-104-SEB-DML on July 29, 2011 and was extended as recently as May 22, 2014. *See In re: Srivastava*, 2011 U.S. Dist. LEXIS 84121 (S.D. Ind. July 29, 2011); *In re: Carolyn Wendy Herz f/k/a Carolyn Srivastava*, 1:04-mc-104 (S.D. Ind. July 3, 2013) (enjoining Ms. Herz from filing or continuing to litigate any claim in any court of any jurisdiction that targets the defendants in any of her prior cases or claims until eight months beyond certain reports are filed with the court).

Since the time these filing restrictions were entered, Ms. Herz has filed numerous cases in this Court, which were all dismissed. She has also turned to state court, and the defendants usually removed those cases to this Court. All of them were dismissed. The Court's record does not reflect that Ms. Herz has satisfied her obligations under either of the restriction orders.

### III. COMPLAINT

Ms. Herz's Complaint in this case (Filing No. 1-2 at 2-25), like all of her other complaints, is replete with outlandish conspiracy theories. Among other things, she alleges that defendant Judge Evan Goodman and defendant Judge Marc Rothenberg "created and distributed four pornographic e-mail messages, which they falsely attributed to me." *Id.* at 9; several defendants, including United States Circuit Judge David F. Hamilton, "introduced falsification of DNA tests to create a false appearance that I am not related to my family members and that Identity Thief 1 is related." *Id*. at 10; "Evan Goodman, [attorney] Paul Kraft, David F. Hamilton, and Marc Rothenberg, in collaboration with my sister's partner who had no legal rights with respect to my family, to steal my inheritance, created two written instruments purporting to be trust documents made and signed by my mother and my father." *Id.* at 11; and "Evan Goodman, Leslie Page, and Marc Rothenberg have maliciously killed valuable trees, flowers and other plants on my property, knocked down my mailbox at least twice, trapped and killed my two cats, turned my outside faucet on and left it running, damaged my home including breaking my doorbell twice, induced my

neighbors to behave in a hostile manner toward me with their false accusations against me, used neighborhood dogs as weapons, interfered with my U.S. mail delivery, excluded me from our neighborhood crime watch program, exploited susceptible mentally impaired neighbors by inducing them to vandalize my property; and have maliciously sought to reduce property values and impair quality of life by recruiting riffraff to toss litter on our streets, destroying beautiful mature trees in the neighborhood, and inducing a local business to make loud noises late at night." *Id.* at 11-12.

Even giving Ms. Herz's *pro se* Complaint a liberal construction, as the Court is bound to do, *see Arnett v. Webster*, 658 F.3d 742 (7th Cir. 2011), the Court cannot discern any basis to allow it to proceed. First, Ms. Herz does not assert her filing restrictions have been lifted. For that reason alone, she is unable to prosecute her case in this Court. Second, Ms. Herz's Complaint is entirely devoid of any basis for a legal claim. In fact, its allegations are fantastic, unbelievable, and frivolous. 28 U.S.C. § 1915(e)(2) requires a district court to dismiss a case if "the action is frivolous or malicious." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (citing 28 U.S.C § 1915(d)). "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Such claims "describe[] fantastic or delusional scenarios, claims with which federal district judges are too familiar." *Id.* at 328.

Ms. Herz's Complaint fits this description. The Court therefore must dismiss it on the basis that Ms. Herz cannot prosecute it in light of her filing restrictions, and because it is frivolous. Ordinarily, the Court would give Ms. Herz an opportunity to show cause why this action should

not be dismissed or to amend her complaint. *See Frey v. E.P.A.*, 270 F.3d 1129, 1132 (7th Cir. 2001). However, such an opportunity is not necessary where amendment would be "futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004). Ms. Herz's litigation practices in this and other courts and the fantastical nature of her recitations in this case indicate that she has no interest in advancing legitimate claims and the Court finds that leave to amend would be entirely unwarranted. Therefore, this **DISMISSAL** shall be **WITH PREJUDICE**.

## IV.  CONCLUSION

For the reasons discussed above, this action is **DISMISSED with PREDJUDICE,** and this case is **closed**. Because the existing filings restrictions have had no effect on Ms. Herz's abusive filing behavior, the undersigned, as Chief Judge of this Court, has determined that additional restrictions are appropriate. Those additional restrictions will issue in a separate Order.

The **Clerk is directed** to add Marion County Clerk to the docket as a defendant.

Final judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 5/30/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

Carolyn Wendy Herz
3105 Lehigh Court
Indianapolis, IN 46268-1320

Distribution to electronically registered counsel via ECF